IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2015 AUG 17  P 12: 35

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARK HUTCHINSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:15-CV-599-WHA-WC |
| LVNV FUNDING, LLC, | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

# COMPLAINT

This action arises out of the efforts of the defendant, a debt collector, to collect a debt which was claimed to be due from the plaintiff, Mark Hutchinson. LVNV Funding, LLC - a company which buys and collects delinquent debts, acting through its attorneys, filed a lawsuit against Mr. Hutchinson in the Autauga County Small Claims Court seeking to collect this alleged debt. They did this with knowledge that the claimed debt was disputed, without having evidence to back up their claims and without even having evidence to show that LVNV had standing to assert these claims. In fact, Mr. Hutchinson did not owe the amounts claimed and communicated this to LVNV's attorneys who none-the-less sued Mr. Hutchinson anyway. When the court date came and Mr. Hutchinson appeared with an attorney to dispute the claims made in the collection lawsuit, the defendant did not attempt to present any evidence to support their claims and judgment was entered in favor

1

of Mr. Hutchinson.

This pattern -- filing suit when the debt is disputed without even verifying the debt is correct and having no evidence to support the claim and with no intention to go to trial -- is common with debt buyers such as LVNV. In fact, the alleged debts, such as this one, are purchased by debt collectors such as LVNV from banks and other financial institutions with "No Recourse," and with no guarantees that the debts are even legitimate. LVNV filed the lawsuit against Mr. Hutchinson knowing that the debt was disputed and without even verifying the debt was accurate. Furthermore they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from him without going to trial and/or having sufficient evidence to support the lawsuit, either by getting a default judgment or by getting him to agree to make payments. It did not work in this case only because Mr. Hutchinson was represented by counsel and contested their claims.

These actions violated Mr. Hutchinson's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action he is asserting claims against the defendant under that Act. He also seeks damages for wanton or willful misconduct under Alabama law. He also seeks actual, statutory and punitive damages and his costs and attorney's fees in this action.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §1692k(d) and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for wanton and willful misconduct under 28 U.S.C. § 1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

## Parties

0. Plaintiff, Mark Hutchinson, is an adult resident of Montgomery, Alabama, which is located in Montgomery County, Alabama. Mr. Hutchinson is a consumer as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(3).

1. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability corporation with its principal offices located in Las Vegas, Nevada. Among other things, LVNV Funding is engaged in the business of buying and collecting alleged delinquent debts and is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Statement of Facts

2. LVNV purchases portfolios of both domestic and international

consumer debt. When LVNV purchases debt portfolios it receives virtually no information regarding the alleged debts from the original creditors. Upon information and belief, the original creditor, through the purchase agreement entered into with LVNV, refuses to warrant and otherwise disclaims the validity of the debts sold to LVNV.

3. On or about February 28, 2014, LVNV filed a lawsuit against the plaintiff, Mark Hutchinson, in the Autauga County Small Claims Court. The case was styled *LVNV Funding, LLC v. Mark K. Hutchinson,* Case No. *SM-2014-900089* (hereafter referred to as "the Autauga County lawsuit").

4. Mr. Hutchinson denied, and had previously denied, owing the alleged debt which was the basis for the Autauga County lawsuit.

5. In the Autauga County lawsuit, LVNV sought a judgment in the amount of $2,098.09, plus interest and court costs.

6. LVNV, without taking any reasonable steps to ensure the validity of the disputed debt, served the complaint and summons in the Autauga County lawsuit on Mr. Hutchinson on or about March 18, 2014.

7. On or about April 14, 2014, Mr. Hutchinson, by and through counsel, filed an Answer in the Autauga County lawsuit denying that he owed the money claimed by LVNV.

8. By Order entered on May 6, 2014, Judge Joy P. Booth of the Autauga County Small Claims Court set the Autauga County lawsuit for a hearing on June 3, 2014.

9. On June 3, 2014, Mr. Hutchinson appeared in the **Autauga** County Small Claims Court accompanied by his attorney, Charles M. Herrington.

10. On June 3, 2014, LVNV appeared in the Autauga County Small Claims Court by its counsel, Wendy Johnston of the law firm of Zarzaur & Schwartz.

11. When she appeared in court on August 16, 2012, Ms. Johnston did not have witnesses or other evidence sufficient to establish LVNV's claims against Mr. Hutchinson. In fact, there had been no action to obtain competent and admissible documents from the original creditor to substantiate the monies claimed. Nor were competent or admissible documents presented to substantiate LVNV's standing to collect the alleged debt.

12. After LVNV's failure to present any evidence to support its claims against Mr. Hutchinson, the Court entered judgment in favor of Mr. Hutchinson.

13. At no time up to and including the date of the trial on June 3, 2014, did LVNV have evidence sufficient to establish that Mr. Hutchinson owed LVNV, or the original creditor, the amounts it claimed.

14. On information and belief, at no time up to and including the date of the trial on June 3, 2014 did LVNV have evidence sufficient to establish that LVNV was the rightful owner of the debt at issue and that it was entitled to collect any sums which might be due under that debt.

15. When LVNV filed the Autauga County lawsuit, they had no intention of obtaining the evidence which might be needed to establish LVNV's claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish LVNV's claims. Instead, their goal was to obtain either a default judgment or an agreement from Mr. Hutchinson to pay the sum claimed or some lesser sum.

16. The strategy described in Paragraph 18 above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

17. On information and belief, the strategy described in Paragraph 18 above is one which is commonly followed by LVNV in the lawsuits they file to collect alleged debts.

18. As a result of LVNV having filed the Autauga County lawsuit, Mr. Hutchinson was forced to spend a great deal of time working on this case to defend his interests.

19. Mr. Hutchinson incurred expenses in defending the Autauga

County lawsuit for attorney's fees in the amount of $1,000.

20. As a result of the actions of LVNV as described in this Complaint, Mr. Hutchinson suffered the stress of having to defend himself in a lawsuit seeking money he did not owe and of having to incur a fee to his attorney. Furthermore these actions of the defendant caused Mr. Hutchinson emotional distress, anger, shame, frustration, fear and humiliation for the duration of the underlying lawsuit.

### First Cause of Action:  Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

21. With regard to the collection of the amounts claimed to be owed to LVNV by Mr. Hutchinson, as described in this Complaint, plaintiff Mark Hutchinson was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

22. In its actions to collect this debt from Mr. Hutchinson, as described above, defendant LVNV Funding, LLC was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

23. In their efforts to collect money claimed to be due from Mr. Hutchinson, as described in this Complaint, the defendant violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of § 1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of § 1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f;

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1); and

(e) failing to verify that the alleged debt was owed by Mr. Hutchinson.

It is possible that the defendant committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

24. The actions of LVNV, as described in this Complaint, forced Mr. Hutchinson to spend time working on and worrying about how to deal with their lawsuit, caused him to incur attorney's fees in the amount of $1,000, and caused him stress which resulted in emotional distress, anger, shame, frustration, fear and

humiliation.

WHEREFORE, the plaintiff, Mark Hutchinson, by and through the undersigned counsel, hereby asks this Court to grant him the following relief under him First Cause of Action:

    (a)    judgment in favor of Mr. Hutchinson and against defendant LVNV Funding, LLC for him actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

    (b)    judgment in favor of Mr. Hutchinson and against defendant LVNV Funding, LLC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

    (c)    an award of his costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

    (d)    such other and further relief as to this Court shall seem just and proper.

### Second Cause of Action:  Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

25.    The actions taken by the defendant in attempting to collect the alleged debt from Mr. Hutchinson, as described above, were actions taken in knowing or

reckless violation of Mr. Hutchinson's legal rights.

26. The actions taken by the defendant, as described above, are pattern and practice of actions designed to make money through abusive and potentially unlawful tactics which LVNV knew or should have known were abusive, and potentially unlawful and would cause Mr. Hutchinson financial loss and other harm.

27. The actions of the defendant, as described above, did in fact cause Mr. Hutchinson to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Mark Hutchinson, by counsel, asks this Court for the entry of judgment against defendant LVNV Funding, LLC for wanton or willful misconduct, in an amount sufficient to compensate him for his damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against this defendant for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

_/s/ Gayle Douglas_
Gayle L. Douglas (ASB-6971-E63D)

Attorney for Plaintiff

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
E-mail: gdouglas@hgdlawfirm.com


**TO BE SERVED VIA CERTIFIED MAIL**

Defendant's Addresses:

LVNV FUNDING, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104